PETROPLUS, JUDGE:
The Petitioner is Nichols Engineering and Research Corporation, a Delaware corporation, with its principal business office in New York City, and has duly qualified as a foreign corporation to do business in the State of West Virginia. The Petitioner has never maintained an office or other place of business in West Virginia, and except as hereinafter set forth, has never had any agents or employees in the State of West Virginia.
The claimant-taxpayer, Petitioner, is a professional engineering firm of specialty engineers and as such is engaged in planning, designing and in the purchase, sale and installation of specified types of technical equipment for the special needs of its customers. It maintains no manufacturing facilities or inventory in the State of West Virginia but does maintain on a small scale warehouse inventories of replacement parts and some types of equipment, all of which are purchased from other persons, firms and corporations.
The Petitioner entered into engineering and sales contracts involving installations in the State of West Virginia, the first contract covering a sanitary sewage disposal plant in the City of Huntington, in which project R. E. Daily & Company of Detroit, Michigan, was the prime and integrating contractor, and the second contract involving the construction of a bark carbonizing plant in Beryl, Mineral County, West Virginia, wherein the Cumberland Corporation of Louisville, Kentucky, was the prime contractor.
*5 The Petitioner made a proposal to supply various units of the sewage disposal plant in Huntington and engineering services necessary to adapt the equipment to a master plan. Superintendents of the Petitioner inspected and supervised the installation of the equipment and instructed the personnel of the City of Huntington in the manner of its operation. Highly skilled employees of the Petitioner performed certain essential services in the State of West Virginia to install and adapt the equipment to the master plan. On the second contract, the Mineral County Carbonizing Plant, the Petitioner designed, selected all equipment for, constructed and assisted in placing the plant in operation, also using skilled engineers and technicians to coordinate and supervise the work of local independent contractors.
The claimant filed Business and Occupation Tax Returns with the State Tax Commissioner, under the classification of a contractor, for a period commencing in July, 1963, and ending in March, 1965. Approximately $15,000.00 in such taxes was voluntarily paid.
Pursuant to an audit made by the State Tax Commissioner’s office, additional taxes were assessed against the Petitioner for said period in the amount of $6,963.42, plus statutory penalties, which were later waived in a conference with the State Tax Commissioner. Petitioner’s claim was filed on September 28, 1970, in the amount of $22,288.12, which includes both taxes voluntarily paid and the amount additionally assessed.
Within the thirty-day period and in the manner required by Chapter 11, Article 13, Section 7b of the official Code of West Virginia of 1931, as amended, the Petitioner filed a Petition with the State Tax Commissioner for reassessment of its taxes. A Petition was also filed for refund of taxes erroneously, illegally and improperly paid under the provisions of Chapter 11, Article 1, Section 2a of the aforementioned Code. Thereafter, an informal hearing was held in the office of the Tax Commissioner, respondent, upon both Petitions, at which time, the Petitioner was given an opportunity to present its views in opposition to the assessment and in support of its request for a refund. By letter dated January 20, 1966, the respondent notified the Petitioner of his written decision affirming the above described assessment. In its Petitions for Reassessment and Refund, the Petitioner took the position that only a percentage of the contract amounts were allocable to and taxable by the State of West Virginia and no issue was raised concerning the classification and rates under which *6 the taxes were paid or the imposition of State privilege taxes in violation of the Constitution of the United States as a burden on Interstate Commerce. Those issues are apparently raised for the first time in this Court.
The Claimant-Petitioner thereafter paid the additional assessment and failed to appeal to the Circuit Court of Kanawha County, West Virginia, within the thirty-day period prescribed by Chapter 11, Article 13, Section 8 of the West Virginia Code. It likewise failed to appeal to the Circuit Court within the thirty-day period prescribed by Chapter 11, Article 1, Section 2a of the West Virginia Code by giving the necessary written notice requiring the Tax Commissioner to institute a declaratory judgment proceeding in the Circuit Court. The result of all this was to cause the decisions of the State Tax Commissioner to become final, both upon the claimant’s Petition for Reassessment and upon the Petition for Refund. The time having expired for filing statutory appellate proceedings, and no other remedy being available to the claimant, a claim was filed in this Court to secure a refund not only of the additional taxes assessed but also the privilege taxes voluntarily paid on the ground that all taxes were improperly and illegally collected, the collection thereof amounting to an illegal burden upon Interstate Commerce. The Petitioner also contends that it should have been taxed not as a contractor but as a company engaged in performing a service which carries a lower rate of taxation.
All of the above facts were submitted to the Court by an agreed Stipulation signed by both parties. The Answer of the respondent, while admitting the facts, denies the legal conclusions and poses the question whether the Petitioner, who has failed, refused or neglected to utilize the statutory provisions with reference to a judicial review of the adverse decisions of the respondent, can properly invoke the jurisdiction of this Court to hear the Petition under the exclusionary provisions of Chapter 14, Article 2, Section 14(5) and Section 21 of the Code. Chapter 14 of the Code established the Court of Claims in 1967 and defined its general jurisdiction with limitations. It is further agreed in the Stipulation that no claim was presented by the Petitioner to the Attorney General of the State of West Virginia or any other Court in this State for a refund of said taxes prior to the creation of the Court of Claims.
The parties have defined the legal issues to be decided by this Court as follows:
*7 (a) Does the Court of Claims have jurisdiction to determine the issues presented by the Petition, the Answer and the Stipulation of Facts.
(b) If the Court of Claims has jurisdiction to determine the issues here presented, then have the taxes paid by the Petitioner been illegally and improperly collected and paid, thereby imposing upon the State of West Virginia a moral obligation to refund to the Petitioner the tax monies so collected.
At the hearing on December 8, 1970, oral arguments were ably presented by counsel on both sides on the jurisdictional issue. Counsel for the claimant relies heavily on Chapter 14, Article 2, Section 12 of the Code which defines the general powers of the Court. Said Section reads:
“The Court shall, in accordance with this Article, consider claims which, but for the constitutional immunity of the State from suit, or for some statutory restrictions, inhibitions or limitations, could be maintained in the regular Courts of the State”, (emphasis supplied)
The argument of the Petitioner seems to be that in addition to cases where constitutional immunity is involved, if there are statutory restrictions, inhibitions or limitations other than constitutional immunity, this Court has jurisdiction to hear a claim even though it may be barred in the regular Courts of the State because of such statutory restrictions, inhibitions or limitations. We consider this to be a novel argument and if the Petitioner is right, this Court has the right to disregard all statutory impediments except the Statute of Limitations which is specifically made applicable to this Court under Chapter 14, Article 2, Section 21. Under the Petitioner’s contention, this Court would have jurisdiction of any and all claims for tax refunds in cases where the claimant has not exhausted his administrative remedies and statutory rights to a judicial review. We do not believe that the Legislature intended to give this Court such broad powers, particularly jurisdiction of claims which are barred from the regular Courts of the State because of “statutory restrictions, inhibitions or limitations” other than the limitation of sovereign immunity. Such a contention if sustained, would extend the jurisdiction of this Court to *8 consider all claims of every kind and nature as a matter of conscience and moral obligation.
After further defining the jurisdiction of this Court in 14-2-13 Code of West Virginia, the Legislature stated that the jurisdiction of this Court is extended to claims and demands, liquidated and unliquidat-ed, ex contractu and ex delicto against the State or any of its agencies which the State as a sovereign commonwealth should in equity and in good conscience discharge and pay except for claims excluded by Section 14 of said Chapter and Article. Chapter 14, Article 2, Section 14, entitled “Claims Excluded” reads:
“The jurisdiction of the Court shall not extend to any claim .5. With respect to which a proceeding may be maintained against the State, by or on behalf of the claimant in the Courts of the State”.
It is the opinion of the Court that the latter Section excludes from the jurisdiction of the Court any and all claims where administrative and statutory remedies are provided in the regular Courts of the State and particularly where a judicial remedy is also provided in the regular Courts of this State to review administrative decisions of State agencies. The Statutes relating to jurisdiction of this Court must be read together and if there is an ambiguity in the Statutes conferring general jurisdiction and defining the powers of this Court, there certainly is no ambiguity in 14-2-14 Code, which specifies and excludes from the jurisdiction of this Court any claim for which there is an adequate legal remedy. To adopt Petitioner’s contention, we must hold that the Legislature intended to impose upon the Court of Claims the impossible task of reviewing the legality and propriety of all taxes collected by the State.
This Court in previously decided cases has consistently held to a position that a taxpayer who has not exhausted his administrative and judicial remedies cannot avail himself of the jurisdiction of this Court.
Chapter 11, Article 13, Section 8 and Chapter 11, Article 1, Section 2a of the West Virginia Code provide for a judicial review of the Tax Commissioner’s decisions which may be erroneous, unconstitutional or capricious. The Petitioner who failed, refused or neglected to avail itself of the judicial reviews afforded by the Statutes cannot later, after the assessment of taxes has become final, come into this *9 Court and raise questions concerning the constitutionality of the tax or the illegal action of the State Tax Commissioner.
For the reasons stated in this Opinion, the Court holds that it is without authority to entertain this claim for a tax refund and that it has no jurisdiction to pass upon the validity of the tax. The issue of jurisdiction being decided adversely to the Petitioner, there is no necessity in making any findings on the illegality or improper collection of the tax.
Claim disallowed.