JONES, JUDGE:
On May 12, 1969, Margaret Nancy Hodges was employed by the respondent, Department of Mental Health, as a nurse’s aide at Lakin State Hospital. While acting within the scope of her employment, walking a blind patient in a hall of the hospital, another patient pushed a wheelchair into claimant’s decedent causing injuries, which allegedly resulted in the death of claimant’s decedent on July 9, 1969. On May 12, 1969, and thereafter the respondent was a subscriber in good standing to the Workmen’s Compensation Fund, as provided by Code 23-2-1; and subsequently a claim was filed with the Workmen’s Compensation Commissioner by the husband of claimant’s decedent, which claim was rejected on the ground that the husband was not a dependent widower. The foregoing facts are not in dispute.
This claim was filed on May 6, 1971. The respondent’s answer was filed on June 18, 1971, and on October 6, 1971, the respondent filed its motion for summary judgment for the respondent in accordance with the provisions of Rule 56 R.C.P. as made applicable by Rule 17 of this Court, on the ground that the pleadings and exhibits attached thereto show that this action is barred by Chapter 23, Article 2, Section 6 of the Code of West Virginia, and that there is no genuine issue of material fact and the respondent is entitled to judgment as a matter of law.
This claim came on for hearing upon said motion for summary judgment on November 15, 1971, at which time the respondent filed *77 its memorandum of authorities in support of the motion and it was agreed between counsel for both parties and the Court that claimant’s reply brief would be filed within twenty days, and the case was submitted for decision upon that condition. No reply brief has ever been filed by the claimant.
In 1941 the Court of Claims of West Virginia construed Code 23-2-6 in a case very similar to this one. In Timms v. Board of Control, 1 Court of Claims 41, the claimant’s decedent was an employee at Weston State Hospital and was fatally injured by a patient. The hospital was a subscriber to the Workmen’s Compensation Fund and the decedent’s two sons, both adults, were denied compensation on the ground that they were not dependents within the classification of the statute. The syllabus of that case is as follows:
“Where the evidence shows that one is fatally injured while in the course of his employment as an employee of a department of the state and such state department at the time of the injury is a subscriber to the state workmen’s compensation fund, has paid the premiums and complied with all the provisions of chapter 23 of the code, the court of claims is without jurisdiction to make an award for the death of such employee although there were no dependents of the employee within the classification of dependents contained in the general law under said chapter 23 of the code which denies death benefits to all who are not dependents of the employee within the class therein specified.”
In the Timms case, the Court dismissed the claim under the applicable provisions of Code 14-2-14, which has not since been amended or altered in any respect. In the case before this Court the claimant’s decedent was an employee of an agency of the State which paid premiums into the Workmen’s Compensation Fund and was in good standing, and the remedies provided by Workmen’s Compensation are exclusive and final.
A summary judgment will be granted where there is no factual dispute and the moving party is entitled to judgment as a matter of law. Therefore, the motion of the respondent for summary judgment in this case is sustained, and the claim of Amie Hodges, Administratrix of the Estate of Margaret Nancy Hodges, is disallowed.
Claim disallowed.