PER CURIAM:
Claimant Robert Brock alleges that he did not receive a check for Workmen’s Compensation benefits to which he was entitled. According to Mr. Brock’s petition, he did attend a hearing before the Workmen’s Compensation Review Board. By letter dated April 16, 1981, Me. Brock was advised that his claim could be reopened within five years of the last day he received benefits. The claimant has chosen to pursue the matter before the Court of Claims.
The respondent has filed a Motion to Dismiss the claim for two primary reasons: first, the claimant did not exhaust his administrative remedies under Chapter 23 of the West Virginia Code, and second, the claim does not come within the jurisdiction of the Court of Claims. With both these contentions the Court agrees.
It has been the policy of this Court in similar cases to rule that a claimant who does not exhaust his administrative remedies cannot avail himself of the jurisdiction of the Court of *137 Claims. Nichols Engineering and Research Corporation v. State Tax Commissioner, 9 Ct.Cl. 4 (1971). It is apparent, from respondent’s letter of April 16, 1981, that Mr. Brock’s claim could be reopened within a five-year period; thus, he could still pursue the matter through administrative channels.
With respect to the issue of jurisdiction, the law is quite clear regarding claims which cannot be brought before this Court. West Virginia Code §14-2-14 provides:
“The jurisdiction of the court shall not extend to any claim. . .2. For a disability or death benefit under chapter twenty-three. . .of this Code.”
For the reasons hereinabove stated, respondent’s Motion to Dismiss is hereby granted, and the claim is disallowed.
Claim disallowed.