PER CURIAM:
Claimant June Dorton alleges that she was injured as the result of heavy lifting she performed while in the employ of Hoggsett Insulation Service in Huntington, West Virginia, on October 4, 1977. At that time, Mrs. Dorton’s employer was a subscriber in good standing of the Workmen’s Compensation Fund, and she subsequently filed a claim for Compensation benefits. Her claim was rejected by the Commissioner’s Order of July 24, 1979, on the grounds that the disability complained *138 of was not due to an injury received in the course of and resulting from the claimant’s employment. By letter of July 27, 1979, claimant protested the Commissioner’s ruling, and, pursuant to that protest, a hearing was held on November 8, 1979. Following that hearing, Mrs.,Dorton’s attorney requested that the claim be continued in order that medical evidence from her physician could be obtained. The request for a continuance was granted, and another hearing was held on February 21, 1980. The claim was then submitted for decision, and, by order of June 27, 1980, the Workmen’s Compensation Commissioner affirmed the order of July 24, 1979, rejecting Mrs. Dorton’s claim for benefits. No appeal from that final order was made by the claimant, and she now seeks redress in this Court.
The procedure to be followed in Workmen’s Compensation claims is set forth in the West Virginia Code, Chapter 23, Article 5. A review of the claimant’s actions in accordance with the Code is necessary.
The Commissioner’s initial rejection of Mrs. Dorton’s claim “shall be final unless the employer, employee, claimant or dependent shall, within thirty days after the receipt of such notice, object, in writing, to such finding” (§23-5-1). Mrs. Dorton’s objection was filed within three days of the receipt of the notice, and was therefore a valid objection.
Upon receipt of the objection, the commissioner “shall . . . set a time and place for the hearing of evidence” (§23-5-1). Mrs. Dorton had two such hearings on her claim.
The law further provides:
“After final hearing the commissioner shall . . . render his decision . . . which shall be final: Provided, that the claimant or the employer may apply to the appeal board . . . within thirty days of receipt of notice of the commissioner’s final action, or in any event within sixty days of the date of such final action, regardless of notice” (§23-5-1).
Mrs. Dorton did not apply to the appeal board regarding the final action of the Commissioner. Had she done so, a hearing would have been held before the appeal board, and, if *139 she wished to protest the board’s decision, a further appeal would have been possible under §23-5-4:
“From any final decision of the board, including any order of remand, an application for review may be prosecuted by either party, or by the commissioner, to the supreme court of appeals within thirty days from the date thereof . ..
It is clear from the record of this claim that ample administrative remedies were available to the claimant, the exhaustion of which would have led to a review by the West Virginia Supreme Court of Appeals. It has been this Court’s position in a number of previous cases that a claimant who has not exhausted his administrative and judicial remedies cannot avail himself of the jurisdiction of this Court. Nicholas Engineering and Research Corporation v. State Tax Commissioner, 9 Ct.Cl. 4 (1971). We have also ruled that the remedies provided by Workmen’s Compensation are exclusive and final. Hodges v Dept. of Mental Health, 9 Ct.Cl. 76 (1972).
In addition, §14-2-13 of the West Virginia Code extends the jurisdiction of this Court to claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the State or any of its agencies, which the State as a sovereign commonwealth should in equity and good conscience discharge and pay, except for those claims excluded by §14-2-14, which provides:
“The jurisdiction of the court shall not extend to any claim ... 2. For a disability or death benefit under chapter twenty-three [§23-1-1 et seq.] of this Code.”
Therefore, as claimant herein has failed to exhaust her adminstrative remedies, and, as this Court’s jurisdiction does not extend to Workmen’s Compensation cases, the claim must be denied.
Claim disallowed.